

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| María del C. Ramos Pérez<br><br>        Recurrida<br><br>                v.<br><br>Univisión Puerto Rico, Inc.<br><br>        Peticionaria | Certiorari<br><br>2010 TSPR 15<br><br>178 DPR \_\_\_\_ |

Número del Caso: CC-2009-78

Fecha: 3 de febrero de 2010

Tribunal de Apelaciones:

        Región Judicial de San Juan Panel XII

Juez Ponente:
        Hon. Germán J. Brau Ramírez

Abogados de la Parte Peticionaria:

        Lcdo. Radamés A. Torruella
        Lcda. Maralyssa Alvarez Sánchez

Abogados de la Parte Recurrida:

        Lcda. Janet Díaz Salicrup
        Lcdo. David Rosado Cruz

Materia: Discrimen por Razón de Edad, Despido Injus    tificado y Hostigamiento Laboral

Este documento constituye un documento oficial del    Tribunal Supremo que está sujeto a los cambios y correcciones del pr    oceso de compilación y publicación oficial de las decisiones    del Tribunal. Su distribución electrónica se hace como un servici    o público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

María del C. Ramos Pérez

     Recurrida

       v.

                          CC-2009-78

Univisión Puerto Rico, Inc.

     Peticionaria

Opinión del Tribunal emitida por el Juez Asociado señor MARTÍNEZ TORRES

En San Juan, Puerto Rico, a 3 de febrero de 2010.

En este recurso, Univisión de Puerto Rico, Inc. (Univisión) nos solicita la revocación de una sentencia emitida por el Tribunal de Apelaciones, Región Judicial de San Juan, que revocó al Tribunal de Primera Instancia. En síntesis, debemos determinar si el Tribunal de Apelaciones actuó correctamente al dejar sin efecto la desestimación, vía sentencia sumaria parcial, de varias causas de acción de índole laboral radicadas por la Sra. María del C. Ramos Pérez. Tras resolver que el mecanismo de sentencia sumaria, de proceder, está disponible para adjudicar esta reclamación laboral, revocamos la

sentencia del foro apelativo intermedio.

Para así resolver, es preciso que determinemos el curso a seguir para adjudicar una moción de sentencia sumaria en una reclamación al amparo de la Ley Núm. 100 de 30 de junio de 1959, 29 L.P.R.A. secs. 146-151.

I

El 11 de septiembre de 2003, la señora Ramos Pérez presentó ante el Tribunal de Primera Instancia una querella contra Univisión. En la querella, ésta alegó que Univisión en calidad de patrono la despidió injustificadamente y de forma discriminatoria. En su reclamación, la señora Ramos Pérez arguyó que trabajaba para Univisión cuando mediante un patrón de persecución fue discriminada por razón de su edad.

Luego de concluido el descubrimiento de prueba, Univisión solicitó al foro primario la desestimación vía sentencia sumaria de las reclamaciones de discrimen por edad y daños y perjuicios al amparo de la Ley Núm. 100, _supra_, y de los Artículos 1802 y 1803 del Código Civil, 31 L.P.R.A. secs. 5141 y 5142. En dicha solicitud, se expuso que de los hechos no controvertidos y admitidos por la señora Ramos Pérez se desprende que no procede como cuestión de derecho la causa de acción de discrimen por edad.

Univisión solicitó que se dictara sentencia sumaria parcial conforme a la Regla 36 de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 36, para desestimar las

reclamaciones de discrimen por edad y daños al amparo de la Ley Núm. 100, supra. Sustentó su pedido en que no hay controversia en cuanto a la ausencia de discrimen y que el remedio exclusivo de la Ley Núm. 80 de 30 de mayo de 1976, 29 L.P.R.A. sec. 185a y ss., excluye la posibilidad de demandar al amparo del Art. 1802 del Código Civil, supra.

Dicha moción sustentó los siguientes hechos esenciales y pertinentes:

(1) Univisión pasó a ser patrono de la señora Ramos Pérez cuando adquirió de Raycom National, Inc. los derechos sobre la licencia de operación de una estación televisiva.

(2) Bajo la nueva administración, la señora Ramos Pérez continuó ocupando el puesto de *traffic manager* en el Departamento de Tráfico. Ese departamento era compuesto por la señora Ramos Pérez y cuatro *traffic clerks.*

(3) Ese departamento tiene la tarea de crear un registro diario de toda la programación televisada de Univisión para cada una de las estaciones televisivas a base de información provista por el Departamento de Ventas, Programación y Promociones. Para esa tarea se utilizaba un registro de programación.

(4) El sistema utilizado para crear el registro o *log* por el anterior patrono de la señora Ramos

Pérez (Raycom) era *Columbine System*. Univisión inició un proceso para cambiar este sistema por el utilizado por esta empresa en sus otras estaciones. La Sra. María Esther Beltrán fue trasladada a Puerto Rico para implantar el nuevo sistema conocido como *Marketron* y para dirigir el Departamento de Tráfico durante la transición.

(5)     El adiestramiento del nuevo sistema se llevó a cabo durante dos meses, de 4:00pm a 8:00pm, y fue ofrecido por la señora Beltrán. Deposición tomada a la señora Ramos Pérez el 11 de junio de 2004, págs. 39-42.

(6)     El proceso de transición era delicado y difícil pues representaba mucho dinero para la empresa y, durante el adiestramiento la señora Ramos Pérez y la señora Beltrán tuvieron varias diferencias por la manera en que se adiestraba al personal del Departamento de Tráfico. Deposición tomada a la señora Ramos Pérez el 11 de junio de 2004, págs. 46 y 58-59.

(7)     La presión ejercida por la señora Beltrán se dio con las demás empleadas del departamento. A estos efectos, la señora Ramos Pérez testificó en su deposición que todas las empleadas se sentían "humilladas, maltratadas, por el trato de María Esther (señora Beltrán)". Deposición

tomada a la señora Ramos Pérez el 11 de junio de 2004, págs. 46-47 y 65. Véase además, Deposición tomada a la señora Ramos Pérez el 22 de septiembre de 2006, págs. 48 y 67-68.

(8) La señora Beltrán y la señora Ramos Pérez sostuvieron una fuerte discusión. De esta discusión se desprende que éstas tenían diferentes opiniones sobre cómo implantar el sistema *Marketron*, que la señora Beltrán estaba molesta por la ausencia de la señora Ramos Pérez en la presentación de Univisión a sus clientes y que la señora Ramos Pérez no se sentía preparada para operar el nuevo sistema. Deposición tomada a la señora Ramos Pérez el 11 de junio de 2004, págs. 58-61.

(9) Después de culminar el adiestramiento, la señora Ramos Pérez completó una auto evaluación en donde en general calificó su conocimiento sobre las áreas de su departamento bajo el nuevo programa como deficiente o *needs training*. En especial, indicó que los conocimientos sobre el departamento los tenía pero que necesitaba aprender a utilizar el sistema *Marketron*. Además, indicó que cuando tenía dudas recurría a sus compañeras quienes le explicaban. Apéndice del recurso, págs. 152-155; Deposición tomada a

la señora Ramos Pérez el 22 de septiembre de 2006, págs. 36-39.

(10) La señora Ramos Pérez recibió adiestramiento sobre *Marketron* durante dos meses y se mantuvo trabajando con el sistema durante seis meses con la ayuda de sus subordinadas. Ibíd.

(11) Debido a la interrupción de programación realizada por Univisión para atender la transmisión especial del conflicto en Irak, la señora Ramos Pérez tenía que conciliar en *Marketron* la programación que no salió al aire. La señora Ramos Pérez se comunicó con la señora Beltrán para realizar esta operación. Dicha gestión molestó a la señora Beltrán quien le increpó por su desconocimiento. La señora Ramos Pérez expresó a la gerencia de Univisión que no podía continuar trabajando con la señora Beltrán pues ésta no estaba satisfecha con su desempeño. Ante esto, la gerencia de Univisión decidió despedir a la señora Ramos Pérez. Deposición tomada a la señora Ramos Pérez el 11 de junio de 2004, págs. 83-84; Deposición tomada a la señora Ramos Pérez el 22 de septiembre de 2006, págs. 55-56, 70-76, 127 y 130; Apéndice Cert., págs. 81-82 y 175-178.

(12) La señora Ramos Pérez admitió en su deposición que la señora Beltrán "no estaba de acuerdo con

[su] desempeño" y que la "quería sacar del camino porque no estaba de acuerdo con [su] desempeño". Deposición tomada a la señora Ramos Pérez de 22 de septiembre de 2006, pág. 130.

(13) La señora Ramos Pérez manifestó que el alegado trato discriminatorio fue realizado por la señora Beltrán. Además, expresó que la señora Beltrán u otro miembro de Univisión no hicieron comentarios discriminatorios en su contra. Según su testimonio, la señora Ramos Pérez sustenta su alegación de discrimen en que para su posición se reclutó una empleada menor que ella. Deposición tomada a la señora Ramos Pérez el 22 de septiembre de 2006, págs. 63 y 70.

(14) La Sra. Nancy Guzmán laboró como *Assistant Traffic Manager* y ocupó la posición de *Traffic Manager* un año y nueve meses después del despido de la señora Ramos Pérez. Apéndice Cert., págs. 165-166.

(15) La señora Ramos Pérez tenía la edad de 43 años al momento de su despido. La señora Beltrán tenía 48 años. Apéndice Cert., págs. 165-170.

En su moción, Univisión alegó que aun presumiendo que el despido fue injustificado, la señora Ramos Pérez no contaba con evidencia del alegado discrimen por razón de edad. Univisión arguyó que de la evidencia presentada se desprende que no hubo un trato discriminatorio por

razón de edad pues la presión ejercida por la señora Beltrán fue en atención a las necesidades de la empresa y era igual para todas las empleadas, muchas de las cuales eran menores en edad que la señora Ramos Pérez.

Oportunamente, la señora Ramos Pérez presentó su oposición a la solicitud de sentencia sumaria presentada por Univisión. Allí, la señora Ramos Pérez argumentó que Univisión se había negado a producir documentación esencial para su reclamación. La señora Ramos Pérez sostuvo más tarde en su escrito de apelación que el expediente de la empleada que sustituyó a la señora Ramos Pérez era esencial para establecer que fue sustituida por una persona de menor edad. Esto es, alegó que estos documentos eran necesarios para establecer un caso *prima facie* de discrimen por edad.

Junto a su oposición, la señora Ramos Pérez presentó una declaración jurada en la que expresó lo siguiente: "Univisión tenía la intención de discriminar en mi contra para reemplazarme con una persona más joven que yo, para lo cual desató una campaña de humillaciones y presiones indebidas, con el objetivo principal de que yo renunciara". Ap. Cert., pág. 190. No hizo alguna otra declaración sobre el alegado discrimen por edad.

La señora Ramos Pérez incluyó en su oposición un comunicado de Univisión en donde expresaba que "Univisión ha contratado a más de 40 nuevos empleados. Todos ellos son puertorriqueños y en su mayoría jóvenes

que lograron en Univisión Puerto Rico su primera oportunidad de trabajar en la televisión boricua". Apéndice Cert., pág. 193. Este comunicado fue presentado como parte de la negociación laboral que Univisión llevaba a cabo con la U.P.A.G.R.A., unión de empleados de Univisión. Dicho comunicado fue publicado el 15 de enero de 2004, posterior al despido de la señora Ramos Pérez.

El Tribunal de Primera Instancia acogió la solicitud de sentencia sumaria y desestimó con perjuicio las reclamaciones al amparo de la Ley Núm. 100, supra, y de los Artículos 1802 y 1803 del Código Civil, supra. El foro primario dejó pendiente para su adjudicación la reclamación de la señora Ramos Pérez por despido injustificado al amparo de la Ley Núm. 80, supra. Para tal proceder, el foro primario determinó que no existe controversia material en cuanto a la falta de prueba para establecer que hubo un discrimen por razón de edad.

La señora Ramos Pérez acudió al Tribunal de Apelaciones y solicitó la revocación de la sentencia parcial del Tribunal de Primera Instancia. El foro apelativo intermedio revocó la sentencia recurrida tras concluir que "el Tribunal de Primera Instancia se apartó de la clara directriz establecida por el Tribunal Supremo de Puerto Rico que desfavorece la adjudicación sumaria de este tipo de reclamación", en referencia a una causa de acción de índole laboral. Sentencia del Tribunal de

Apelaciones, pág. 12. Además, el Tribunal de Apelaciones determinó que existe controversia sobre el verdadero motivo para el despido de la señora Ramos Pérez ante "la posibilidad de que la decisión de la empresa haya respondido" a un discrimen por razón de su edad. Ibíd.

Inconformes con esta determinación, Univisión acude ante nos solicitando la revocación de la sentencia del Tribunal de Apelaciones. Fundamenta su pedido en que no existe controversia de hechos ya que no hay evidencia del discrimen por razón de edad. Univisión sostiene que el foro apelativo intermedio incidió en determinar que el mecanismo de sentencia sumaria no es apropiado para disponer de este tipo de reclamaciones.

El 19 de junio de 2009, este Tribunal emitió una resolución para que la recurrida mostrara causa por la cual no debíamos expedir el auto de *certiorari* y revocar la sentencia recurrida. Con el beneficio de la comparecencia de las partes, procedemos a resolver la controversia planteada.

Para disponer de este recurso es preciso: (1) determinar si el mecanismo de sentencia sumaria puede emplearse en este tipo de reclamación laboral; y, de proceder, (2) resolver si en el caso de autos procede desestimar las reclamaciones al amparo de la Ley Núm. 100, supra, y el Art. 1802 del Código Civil, supra, mediante el mecanismo de sentencia sumaria provisto en la Regla 36.2 de Procedimiento Civil, supra.

II

La Regla 36.2 de Procedimiento Civil, id., permite a una parte contra la cual se ha presentado una reclamación, solicitar que se dicte sentencia sumaria a su favor sobre la totalidad o cualquier parte de la reclamación. Puede dictarse sentencia sumaria parcial resolviendo cualquier controversia que sea separable de las controversias restantes. Regla 36.3 de Procedimiento Civil, supra.

La sentencia sumaria es un mecanismo procesal disponible para resolver controversias en donde no se requiere la celebración de un juicio. Quest Diagnostic v. Mun. San Juan, Op. de 14 de mayo de 2009, 2009 T.S.P.R. 77, 2009 J.T.S. 80, 175 D.P.R. __ (2009); González Aristud v. Hosp. Pavía, 168 D.P.R. 167 (2006). La parte que promueve la sentencia sumaria debe establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material. González Aristud v. Hosp. Pavía, supra. La jurisprudencia federal nos ha servido como fuente ilustrativa, ya que nuestra regla de sentencia sumaria utilizó como modelo la Regla 56 de Procedimiento Civil Federal, 28 U.S.C. R. 56. Véase, Medina v. M.S.&D, Química de P.R., Inc., 135 D.P.R. 716 (1994).

Un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo al derecho sustantivo aplicable. J.A. Cuevas Segarra, Tratado de

_Derecho Procesal Civil_, San Juan, Publicaciones JTS, 2000, T. I, pág. 609. La Regla 36.1 de Procedimiento Civil de 2009 se refiere a estos hechos como "esenciales y pertinentes...". "Whether a fact is 'material' hinges on the substantive law at issue. A fact is 'material' if it might affect the outcome of the case. Disputes over irrelevant or unnecessary facts are insufficient to defeat a motion for summary judgment". S. Baicker-McKee y otros, _Federal Civil Rules Handbook_, Thomson West, 2009, pág. 1085. Véanse, además, _Anderson v. Liberty Lobby, Inc._, 477 U.S. 242 (1986); J. Moore, _Moore's Federal Practice_, 3rd ed., Ed. Mathew Bender, Sec. 56.11[4], pág. 56-130.

Además, la controversia sobre el hecho material tiene que ser real. Esto es, que

> una controversia no es siempre real o sustancial, o genuina. La controversia debe ser de una calidad suficiente como para que sea necesario que un juez la dirima a través de un juicio plenario. La fórmula, debe ser, por lo tanto, que la moción de sentencia sumaria adecuadamente presentada sólo puede negarse si la parte que se opone a ella presenta una oposición basada en hechos que puedan mover a un juez a resolver a su favor. Si el juez se convence de que no existe una posibilidad razonable de que escuchar lo que lee no podrá conducirlo a una decisión a favor de esa parte, debe dictar sentencia sumaria.
>
> P.E. Ortiz Álvarez, _Hacia el uso óptimo de la sentencia sumaria_, Año 3, Núm. 2, Rev. Forum, pág. 8 (1987).

En otras palabras, cualquier duda no es suficiente para derrotar una moción de sentencia sumaria. Tiene que

ser una duda que permita concluir que existe una **controversia real y sustancial** sobre hechos relevantes y pertinentes. "If this evidence is merely colorable... or is not significantly probative... summary judgment may be granted". Anderson v. Liberty Lobby, Inc., supra, págs. 249-250. Hay una controversia real cuando la prueba ante el tribunal es de tal naturaleza que un juzgador racional de los hechos podría resolver a favor de la parte promovida. Baicker-McKee, op cit., pág. 1084 ("the evidence before the court is of such nature that a rational factfinder could find in favor of the non-moving party".).

Con este mecanismo procesal se facilita la solución justa, rápida y económica de los litigios civiles cuando éstos no presentan controversias genuinas de hechos materiales. Luan Invest. Corp. v. Rexach Const. Co., 152 D.P.R. 652 (2000). El propósito de esta regla es aligerar la tramitación de un caso porque no es necesaria una vista, ya que los documentos no controvertidos que acompañan la moción de sentencia sumaria demuestran que no hay una controversia de hechos real y sustancial, y sólo resta aplicar el derecho. Corp. Presiding Bishop CJC of LDS v. Purcell, 117 D.P.R. 714 (1986). De esta manera se evitan juicios inútiles, así como ~~y~~ los gastos de tiempo y dinero que ello conlleva para las partes y el tribunal. R. Hernández Colón, Práctica Jurídica de Puerto Rico: Derecho

<u>Procesal Civil</u>, 4ta ed., San Juan, LexisNexis, 2007, Sec. 2616, pág. 240.

Por su parte, la persona que se oponga a que se dicte sentencia sumariamente debe controvertir la prueba presentada y no debe cruzarse de brazos. Si lo hace se corre el riesgo de que se acoja la solicitud de sentencia sumaria y se resuelva en su contra. <u>Luan Invest. Corp. v. Rexach Const. Co.</u>, <u>supra</u>. Esto es, la parte que se opone viene obligada a contestar de forma detallada y específica aquellos hechos pertinentes para demostrar que existe una controversia real y sustancial que debe dilucidarse en juicio. <u>Ibíd</u>. "Como regla general, para derrotar una solicitud de sentencia sumaria la parte opositora debe presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados por el promovente". <u>Corp. Presiding Bishop CJC of LDS v. Purcell</u>, <u>supra</u>, pág. 721.

Cuando la moción de sentencia sumaria está sustentada con declaraciones juradas o con otra prueba la parte que se opone no puede descansar en meras alegaciones. "[T]he non-moving party cannot rely on mere allegations or denials found in his own pleadings. Rather, the non-moving party must demonstrate, by affidavit, deposition testimony, or otherwise, that a genuine issue of material fact remains for trial". Baicker-Mckee, <u>op cit.</u>, pág. 1103. (Citas omitidas).

Esto es, la parte que se opone debe proveer evidencia sustancial de los hechos materiales que están en disputa. Moore, op cit., Sec. 55.11[6][b], pág. 56-145.

El hecho de no oponerse a la solicitud de sentencia sumaria no implica necesariamente que ésta proceda si existe una controversia legítima sobre un hecho material. Corp. Presiding Bishop CJC of LDS v. Purcell, supra. Sin embargo, el demandante no puede descansar en las aseveraciones generales de su demanda, "sino que, a tenor con la Regla 36.5, estará obligada a demostrar que tiene prueba para sustanciar sus alegaciones". Flores v. Municipio de Caguas, 114 D.P.R. 521, 525 (1983). Para derrotar la moción de sentencia sumaria no basta con presentar meras afirmaciones. Moore, op cit., Sec. 56.11[7][c], págs. 56-152-153. "[D]ebe tenerse presente que en un procedimiento de sentencia sumaria, las declaraciones juradas que contienen sólo conclusiones, sin hechos específicos que las apoyen, no tienen valor probatorio, siendo, por lo tanto, insuficientes para demostrar la existencia de lo que allí se concluye". Corp. Presiding Bishop CJC of LDS v. Purcell, supra, pág. 722. Véase además, Cuevas Segarra, op cit., pág. 616. Son insuficientes para derrotar una solicitud de sentencia sumaria "unas declaraciones juradas que son meramente conclusiones reiteradas de las alegaciones de la demanda y hechas sin conocimiento personal de los hechos". Cuevas Segarra, op cit., pág. 615. La Regla

36.5 de Procedimiento Civil dispone que de no producirse por parte del opositor una exposición de hechos materiales bajo juramento deberá dictarse sentencia sumaria en su contra. Id., pág. 616.

La parte que se opone a la sentencia sumaria "viene obligada a contestar la solicitud de forma detallada". Cruz Marcano v. Sánchez Tarazona, Op. de 8 de noviembre de 2007, 2007 T.S.P.R. 198, 2007 J.T.S. 203, pág. 406, 172 D.P.R. ___ (2007). Para derrotar una solicitud de sentencia sumaria se deben refutar los hechos alegados y el opositor debe sustanciar su posición con prueba. López v. Miranda, 166 D.P.R. 546 (2005).

Al determinar "si existen controversias de hechos que impiden dictar sentencia sumaria, el tribunal debe analizar los documentos que acompañan la solicitud de sentencia sumaria y los documentos incluidos con la moción en oposición, así como los que obren en el expediente". Cruz Marcano v. Sánchez Tarazona, supra. Esta determinación debe ser guiada por el principio de liberalidad a favor de la parte que se opone a que se dicte sentencia sumaria. Cuevas Segarra, op cit., pág. 591. Este análisis liberal persigue evitar la privación del derecho de todo litigante a su día en corte cuando existen controversias de hechos legítimas y sustanciales que deben ser resueltas. Roig Com. Bank v. Rosario Cirino, 126 D.P.R. 613 (1990).

La parte demandante puede prevalecer por la vía sumaria si presenta prueba incontrovertida sobre todos los elementos indispensables de su causa de acción. En cambio, la parte demandada puede derrotar la moción de tres maneras diferentes: (1) si establece una controversia real de hechos sobre uno de los elementos de la causa de acción de la parte demandante; (2) si presenta prueba que apoye una defensa afirmativa, ó (3) si presenta prueba que establezca una controversia sobre la credibilidad de los testimonios jurados que presentó la parte demandante. Ortiz Álvarez, op cit., pág. 7.

Por otro lado, la parte demandada puede prevalecer por la vía sumaria en escenarios diversos. Por ejemplo, puede establecer que no hay controversia real de hechos relevantes sobre al menos, uno de los elementos de la causa de acción de la parte demandante. También puede establecer la existencia incontrovertida de prueba que establezca una defensa afirmativa. Id. Véanse, además, Santos de García v. Banco Popular, Opinión de 13 de diciembre de 2007, 2007 T.S.P.R. 221, 2008 J.T.S. 13, 172 D.P.R. ___ (2007); López v. Miranda, supra; Méndez Arocho v. El Vocero de P.R., 130 D.P.R. 867 (1992); García Cruz v. El Mundo, Inc., 108 D.P.R. 174 (1978).

En Medina v. M.S.&D, Química de P.R., Inc., supra, adoptamos el modelo de sentencia sumaria por insuficiencia de prueba reconocido en la esfera federal. Luego, en Pérez v. El Vocero de P.R., 149 D.P.R. 427

(1999), expresamos que la parte demandada puede solicitar una sentencia sumaria por insuficiencia de prueba. Dicha solicitud procede cuando la parte demandante no cuenta con evidencia suficiente para probar su caso. Bajo esta modalidad, el promovente debe demostrar que: (1) la vista es innecesaria; (2) el demandante no cuenta con evidencia suficiente para probar algún hecho esencial; y (3) como cuestión de derecho procede la desestimación de la reclamación. Id. Para disponer de una solicitud de sentencia sumaria por ausencia de prueba es indispensable que se le haya brindado al promovido amplia oportunidad para realizar un descubrimiento de prueba adecuado. Id. En estos casos, la parte promovente debe demostrar que la promovida no cuenta con "evidencia admisible suficiente para probar, por lo menos un elemento esencial indispensable para su caso". Cuevas Segarra, op cit., pág. 618.

En la esfera federal, se ha resuelto que la sentencia sumaria procede cuando después de un descubrimiento de prueba adecuado, una parte no puede demostrar una controversia real y material de hechos que esa parte tendrá que probar en juicio. Baicker-McKee, op cit., pág. 1084. (Citas omitidas). ("Summary judgment should be rendered when, after an adequate period for discovery, a party is unable to show a genuine issue as to a material fact in which that party will bear the burden of proof at trial, so long as judgment against

that party is appropriate as a matter of law"). Véase, además, e.g., Shannon v. Graves, 257 F.3d 1164 (10mo Cir. 2001).

Por nuestra parte, en López v. Miranda, supra, resolvimos que la sentencia sumaria procede si luego de un adecuado descubrimiento de prueba la parte demandante no cuenta con evidencia suficiente para establecer su causa. Este caso fue resuelto en el contexto de una causa de acción por discrimen político en donde no existía prueba para establecer un caso *prima facie* de discrimen ni de algún acto específico de intención de discrimen. En este caso, para la etapa de descubrimiento de prueba "ya era evidente que los demandantes no contaban con la evidencia suficiente...". Id., pág. 566.

Esta norma descansa en la premisa de que le corresponde a la parte demandante probar su caso. Si la parte demandante no cuenta con prueba luego de terminar el descubrimiento de prueba, no hay razón para ir a juicio. Por eso, ante una moción de sentencia sumaria de la parte demandada por insuficiencia de prueba, la parte demandante puede solicitar que se posponga la consideración de la misma mientras completa un adecuado descubrimiento de prueba para sustanciar sus alegaciones si antes no ha tenido la oportunidad de hacerlo. Regla 36.6, supra; Medina v. M.S.&D, Química de P.R., Inc., supra. Claro está, completado un descubrimiento de prueba adecuado, la parte promovida deberá presentar su

oposición fundamentada a la moción; no puede evadirla. García Rivera *et al* v. Enriquez, 153 D.P.R. 323 (2001).

Hemos resuelto que no es aconsejable utilizar la moción de sentencia sumaria en casos en donde existe controversia sobre elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor de credibilidad es esencial y está en disputa. Soto v. Hotel Caribe Hilton, 137 D.P.R. 294 (1994). Sin embargo, esto no impide la utilización del mecanismo de sentencia sumaria en reclamaciones que requieren elementos subjetivos o de intención, como pasa en un caso de discrimen, cuando de los documentos a ser considerados en la solicitud de sentencia sumaria surge que no existe controversia en cuanto a los hechos materiales. Por esto, nuestra jurisprudencia ha validado la utilización de este mecanismo en casos de discrimen cuando resulta clara la falta de controversia sobre los hechos materiales. López v. Miranda, supra.[1]

Al así actuar, hemos sido consistentes con la norma de que "la Regla 36 no queda excluida como cuestión de derecho de ningún procedimiento en particular". García López v. Méndez García, 88 D.P.R. 363, 380 (1963). Véase

---

[1] De manera similar, el Tribunal Federal de Apelaciones para el Primer Circuito ha resuelto que aun en casos en los que se requiere elementos subjetivos de motivo o intención, procede dictar sentencia sumaria cuando la parte promovida descansa únicamente en alegaciones conclusivas, inferencias improbables y especulaciones sin sustentar. Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1er Cir. 1990).

además, Soto v. Hotel Caribe Hilton, supra. "La regla no excluye tipos de casos y realmente puede funcionar en cualquier contexto sustantivo". Ortiz Álvarez, op cit., pág. 9. Aunque en el pasado nos hemos referido a este mecanismo procesal catalogándolo como "extraordinario", ello no lo excluye de aplicación en determinado tipo de litigio. En verdad, a lo que nos hemos referido es a que la sentencia sumaria es una excepción al juicio mediante testimonios "vivos" frente al juzgador de hechos.

La controversia de autos nos permite reafirmarnos en que la sentencia sumaria "es un valioso mecanismo procesal para descongestionar los calendarios judiciales". Padín v. Rossi, 100 D.P.R. 259, 263 (1971); Hernández Colón, op. cit., pág. 236.

Por un motivo similar, el Tribunal Supremo de Estados Unidos ha liberalizado la sentencia sumaria para convertirla en un valioso mecanismo en contra de las reclamaciones basadas en especulaciones e inferencias Por consiguiente, la jurisprudencia del Tribunal Supremo federal sobre la sentencia sumaria ha tenido un impacto no sólo en las cortes federales inferiores, sino también sobre las cortes de los estados. E.K. Yamamoto, Summary Judgment at the Crossroads: The impact of the Celotex Triology, 12 U. Haw. L. Rev. 1 (1990).

Debemos recordar que este mecanismo procesal vela adecuadamente por el balance entre el derecho de todo litigante a tener su día en corte y la disposición justa,

rápida y económica de los litigios civiles. No es que la sentencia sumaria esté desfavorecida en algún tipo de reclamación en particular o esté limitada a circunstancias extraordinarias, sino que al aplicarse, debe proceder según dispone la Regla 36 de Procedimiento Civil, supra, y en atención a los hechos particulares de cada caso. Por eso, si se utiliza de la manera correcta, el mecanismo de sentencia sumaria constituye una herramienta importante que le permite a los jueces limpiar la casa de frivolidades y descongestionar los calendarios judiciales. A.C.A.A. v. Travelers Ins. Co., 104 D.P.R. 844 (1976); Cuevas Segarra, op cit., pág. 594.

Al respecto, las Reglas de Procedimiento Civil de 2009 establecen un proceso específico para la solicitud de sentencia sumaria que facilita a los jueces su adjudicación. Véase la Regla 36 de Procedimiento Civil de 2009. Por ejemplo, se requiere que la parte que presenta la moción haga una "relación concisa y organizada en párrafos enumerados, de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas..." donde se establecen los mismos. Regla 36.3(a)(4). La parte promovida deberá hacer lo mismo en su oposición. Regla 36.3(b)(2). El tribunal no tendrá que considerar los hechos que las partes no enumeren o para los cuales no hayan hecho referencia expresa a la prueba documental donde se establecen. Regla 36.3(d).

Además, aunque se deniegue la moción, el tribunal deberá establecer los hechos que resultaron incontrovertibles y aquéllos que sí lo están. Regla 36.4. Para ello, podrán utilizar la enumeración que las partes le presentaron. Incluso, la Regla 36.3(b)(3) requiere que las parte promovida enumere los hechos que a su juicio no están en controversia. Además, los hechos debidamente enumerados e identificados con referencia a la prueba documental admisible presentados en el caso, se darán por admitidos si no son debidamente controvertidos. Regla 36.3(d). Todo esto simplificará el desfile de prueba en el juicio, ya que los hechos incontrovertidos "se considerarán probados...". Ibíd.

III

Las sociedades modernas se han encargado de proscribir muchas "acciones individuales que van en detrimento del bienestar común y del progreso". Ramírez Ferrer v. Conagra Foods P.R., Op. de 14 de abril de 2009, 2009 T.S.P.R. 55, 2009 J.T.S. 58, 175 D.P.R. __ (2009). La Ley Núm. 100, supra, otorga a los trabajadores una protección contra diversos tipos de discrimen, entre los cuales se encuentra el discrimen por edad. Esta ley es cónsona con nuestra aspiración social de crear un sistema jurídico que fomente la igualdad de los individuos. Ramírez Ferrer v. Conagra Foods P.R., supra; Mestres Dosal v. Dosal Escandón, Op. de 7 de febrero de 2008, 2008 T.S.P.R. 20, 2008 J.T.S. 41, 173 D.P.R. __ (2008).

El Art. 3 de la Ley Núm. 100, supra, establece una presunción de discrimen ilegal cuando el despido haya sido efectuado sin justa causa. 29 L.P.R.A. sec. 148. Esta presunción es de carácter controvertible. Id. El esquema procesal dispuesto requiere que el obrero establezca que: (1) hubo un despido o acto perjudicial; (2) la acción del patrono fue injustificada; y (3) algún hecho que lo ubique dentro de la modalidad de discrimen bajo la cual se reclama. Ramírez Ferrer v. Conagra Foods P.R., supra. Cuando se cumple con esta etapa inicial el peso de la prueba se traslada al patrono, quien deberá presentar prueba suficiente para rebatir la presunción. Ibíd.

Si el empleado establece un caso prima facie de discrimen, el patrono debe "presentar prueba que derrote el hecho básico, esto es, que el despido fue justificado; o destruir el hecho presumido (que el despido no fue discriminatorio); o presentar prueba para atacar ambos hechos". Ibíd. Entonces, si el patrono cumple con esta segunda etapa procesal, el empleado debe continuar su caso sin la presunción y con evidencia concreta que pruebe que realmente hubo un discrimen ilegal. Ibíd. Bajo este supuesto estaríamos entonces ante una reclamación ordinaria en la que el empleado tiene la obligación de presentar evidencia que sustente su causa de acción. En un caso al amparo de la Ley Núm. 100, supra, esto significaría que el empleado debe probar por

preponderancia de la prueba que la acción impugnada estuvo motivada por el discrimen proscrito. Véase, Regla 10 de Evidencia de 1979, 32 L.P.R.A. Ap. IV, R.10. E.g., Regla 110(f) de Evidencia de 2009.

IV

El mecanismo de sentencia sumaria puede ser utilizado para disponer de una reclamación laboral. En el pasado hemos aplicado este mecanismo procesal para resolver reclamaciones que aunque requieren elementos subjetivos de intención, no reflejan controversias materiales de hechos. E.g., López v. Miranda, supra.

De un examen detenido de los documentos que tuvo ante sí el Tribunal de Primera Instancia se desprende que procedía conceder la sentencia sumaria para desestimar las reclamaciones al amparo de la Ley Núm. 100, supra, y del Art. 1802 del Código Civil, supra. Para este proceder, es necesario analizar en conjunto la Regla 36 de Procedimiento Civil, supra, y las etapas procesales dispuestas por el Art. 3 de la Ley Núm. 100, supra.

La señora Ramos Pérez sostiene ante nos que la sentencia sumaria no procede pues ella cuenta con prueba suficiente para establecer un caso *prima facie* de discrimen por edad conforme a lo resuelto en López v. Miranda, supra. No le asiste la razón. Aunque del expediente surge prueba suficiente para establecer un caso *prima facie* de discrimen por edad, ante la prueba

presentada por Univisión es forzoso concluir que la carga probatoria de la señora Ramos Pérez no se limita a establecer un caso *prima facie* de discrimen.

Surge del expediente prueba que apuntaría a la posible existencia de: (1) un acto perjudicial (el despido); (2) la ausencia de justa causa para tal acción (si la razón esbozada por Univisión cumple con los parámetros establecidos en la Ley Núm. 80, <u>supra</u>); y (3) un hecho que ubica a la persona dentro de la modalidad de discrimen proscrita (la edad de la señora Ramos Pérez). Esta prueba sería suficiente para cumplir con la carga probatoria en la primera etapa procesal de una reclamación de discrimen.

Ahora bien, de la solicitud de sentencia sumaria y de la prueba presentada por Univisión surge prueba suficiente y no controvertida de que el despido no fue un acto discriminatorio. Ante un caso *prima facie* de discrimen, el patrono debe rebatir la presunción estableciendo al menos una de dos cosas: (1) que el despido fue justificado o (2) que el despido no fue discriminatorio. Sólo si en esta segunda etapa el patrono no cumple con su carga probatoria, es que se debe resolver de acuerdo a la presunción establecida.

Univisión sustentó con prueba varios hechos materiales a la controversia, a saber: (1) que la transición al sistema *Marketron* fue un proceso difícil y complejo; (2) que la señora Ramos Pérez y la señora

Beltrán tuvieron serias diferencias por la manera en que se adiestraba al personal del Departamento de Tráfico; (3)que la presión ejercida por la señora Beltrán era producto de su manera de trabajar y que trataba de igual manera a todo el personal; (4) que el despido de la señora Ramos Pérez se debió a que la señora Beltrán no estaba conforme con su desempeño; (5) que la señora Ramos Pérez no se pudo ajustar al nuevo sistema implantado por Univisión para realizar su trabajo; (6) que el trato discriminatorio alegado fue ejercido solamente por la señora Beltrán. Esta prueba surge de la deposición tomada a la señora Ramos Pérez. No fue controvertida por la parte demandante-recurrida.

Con esta prueba se derrotó claramente la presunción *prima facie* de discrimen pues se estableció incontrovertidamente que la señora Ramos Pérez fue despedida ante las diferencias con su supervisora en cuanto a la ejecución de su labor. Para evitar una sentencia sumaria en su contra, la señora Ramos Pérez debía demostrar que contaba con prueba de su causa de acción.

Ya que Univisión contaba con prueba suficiente para cumplir con su carga probatoria, el peso de probar su reclamación pasó a la señora Ramos Pérez. Para adjudicar la solicitud de sentencia sumaria se deben considerar los hechos no controvertidos a la luz de la carga procesal que tendrá el empleado en el juicio. En un caso

bajo la Ley Núm. 100, supra, una vez rebatida la presunción de discrimen, el empleado debe probar por preponderancia de la prueba que realmente hubo un discrimen ilegal en su contra. Para esta etapa probatoria, la señora Ramos Pérez entiende que los hechos consignados en su declaración jurada tienen el efecto de crear una controversia sustancial sobre un hecho material en la presente controversia.

En la declaración jurada que acompañó su oposición, la señora Ramos Pérez se limitó a decir que "Univisión tenía la intención de discriminar en mi contra para reemplazarme con una persona más joven que yo, para lo cual desató una campaña de humillaciones y presiones indebidas, con el objetivo principal de que yo renunciara". Ap. Cert., pág. 190. Consistentemente hemos establecido que "en un procedimiento de sentencia sumaria las declaraciones juradas que contienen sólo conclusiones, sin hechos específicos que las apoyen, no tienen valor probatorio, siendo, por lo tanto, insuficientes para demostrar la existencia de lo que allí se concluye". Corp. Presiding Bishop CJC of LDS v. Purcell, supra, pág. 722. Véase, además, PFZ Props., Inc. v. Gen. Acc. Ins. Co., 136 D.P.R. 881, 913 (1994).

Sabido es que una vez la parte promovente de una moción de sentencia sumaria presenta deposiciones, contestaciones a interrogatorios, admisiones o declaraciones juradas, el promovido debe presentar

contradeclaraciones juradas suficientes y documentos que creen una controversia genuina. López v. Miranda, supra, pág. 563; Audiovisual Lang. v. Sist. Est. Natal Hnos., 144 D.P.R. 563, 576 (1997). Después de que las partes hayan realizado un descubrimiento de prueba adecuado y ante una moción de sentencia sumaria por insuficiencia de prueba, el promovido tiene que presentar prueba que controvierta o rebata la evidencia afirmativa presentada por el promovente. Cuevas Segarra, op cit., pág. 618.

La señora Ramos Pérez no cumplió con esa carga procesal. Por ello, procedía la desestimación de la causa de acción al amparo de la Ley Núm. 100, supra. El comunicado de Univisión expresando su apertura a contratar personal nuevo, en su mayoría jóvenes y puertorriqueños, no es suficiente para controvertir la prueba presentada por Univisión. La disposición a renovar la plantilla laboral no equivale a discrimen contra los empleados de mayor experiencia.

La prueba presentada por la señora Ramos Pérez no era prueba detallada y suficiente para crear una controversia sustancial de hechos relevantes y esenciales. Véanse, Quest Diagnostic v. Mun. San Juan, supra; López v. Miranda, supra; Luan Invest. Corp. v. Rexach Const. Co, supra. La alegación que especula que en el juicio se podrán demostrar hechos concretos es insuficiente para derrotar una moción de sentencia sumaria. Cuevas Segarra, op cit., pág. 611. El promovido

"no puede valerse de la lacónica aseveración de que los hechos están en controversia". Id. No puede evadir controvertirlos. García Rivera *et al* v. Enríquez, supra.

De igual forma, el foro primario no erró al desestimar la reclamación de daños al amparo del Art. 1802 del Código Civil, supra. De no surgir alguna reclamación específica al amparo de una ley especial o de un convenio colectivo, el remedio provisto en la Ley Núm. 80, supra, es el único al que tendría derecho un empleado contratado a tiempo indeterminado frente a su patrono. Soc. de Gananciales v. Royal Bank de P.R., 145 D.P.R. 178 (1998).

El remedio exclusivo provisto por la Ley Núm. 80, supra, solo tiene una excepción: cuando el despido se haga con el "propósito y la intención de frustrar o subvertir, o que tenga el efecto de frustrar o subvertir una clara política pública". Id., pág. 192; Arroyo v. Rattan Specialties Inc., 117 D.P.R. 35, 65 (1986). Ante un despido, es posible una reclamación en daños independiente a la Ley Núm. 80, supra, si con el despido "concurren otras actuaciones torticeras, que sean independientes al mismo" y que demuestren otro fin. Soc. de Gananciales v. Royal Bank de P.R., supra, pág. 193.

De la prueba pertinente y no controvertida surge que los hechos de la presente reclamación estuvieron vinculados a diferencias administrativas y a la alegada incompetencia de la señora Ramos Pérez. La recurrida no

cuenta con prueba suficiente para probar el discrimen como motivo para su despido. Está por probarse si los hechos constituyeron justa causa para el despido. Esto es, resta por determinar si la señora Ramos Pérez tiene derecho a algún remedio al amparo de la Ley Núm. 80, supra.

IV

Por los fundamentos antes expuestos, se revoca la sentencia emitida por el Tribunal de Apelaciones, Región Judicial de San Juan, y se reinstala la sentencia sumaria del Tribunal de Primera Instancia, Sala de San Juan. Se remite el caso al Tribunal de Primera Instancia para que dilucide la reclamación al amparo de la Ley Núm. 80, supra.

Se dictará sentencia de conformidad.


RAFAEL L. MARTÍNEZ TORRES
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

María del C. Ramos Pérez

      Recurrida

        v.

                                   CC-
                             2009-078

Univisión Puerto Rico, Inc.

      Peticionaria

*SENTENCIA*

En San Juan, Puerto Rico, a 3 de febrero de 2010.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente Sentencia, se revoca la sentencia emitida por el Tribunal de Apelaciones, Región Judicial de San Juan, y se reinstala la sentencia sumaria del Tribunal de Primera Instancia, Sala de San Juan. Se remite el caso al Tribunal de Primera Instancia para que dilucide la reclamación al amparo de la Ley Núm. 80, supra.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Fiol Matta disiente sin opinión escrita.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo